UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　) <br>　　　　　　　　Plaintiff, )<br>vs.　　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　) <br>BETO REYES, 　　　　　　　　 ) <br>　　　　　　　　　　　　　　　) <br>　　　　　　　　Defendant. )<br>　　　　　　　　　　　　　　　) | 3:10-cr-00055-LRH-VPC<br><br>ORDER |

　　　Before the Court is Defendant's Motion to Correct Judgment (doc. #41) and also a letter from the U.S. Department of Justice Federal Bureau of Prisons of April 16, 2012, attached as Exhibit A.  No opposition has been filed by the Government to Defendant's Motion to Correct Judgment.

　　　On March 22, 2012, the Court sentenced Mr. Reyes to nine (9) months incarceration for violation of supervised release in this case and expressed its intent that the Defendant be granted credit for time served from on or about August 6, 2011, the approximate time of his arrest upon the unlawful re-entry offense which was the basis for the revocation of his supervised release in this case. However, it now appears that a concurrent credit on the two sentences is contrary to Title 18 U.S.C. § 3585(B).  Also *see* U.S.S.G. § 521.3(b) and application note 2(C). As it was the Court's intention that Mr. Reyes receive credit for the time he served in federal custody, it appears that the proper vehicle by which that should have been accomplished would have been to adjust the term of his newly imposed sentence in this case accordingly.

///

///

Good cause appearing, it is hereby ORDERED that an amended judgment be issued, and that the Defendant's sentence in this matter shall be and is eighty-eight (88) days (consecutive to the time he served upon his unlawful re-entry conviction in the Southern District of California).

IT IS SO ORDERED.

DATED this 16th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

# Exhibit A

# Exhibit A



**U.S. Department of Justice**
Federal Bureau of Prisons

Designation and Sentence Computation Center

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

April 16, 2012

The Honorable Larry R. Hicks
Judge of the U.S. District Court
   for the District of Nevada
333 Las Vegas Boulevard South, 1st Floor
Las Vegas, Nevada 89101

**Re:   REYES, Beto**
       Reg. No. 27317-298
       Case No. 3:10-CR-55-LRH-VPC

Dear Judge Hicks:

   On March 22, 2012, Beto Reyes was sentenced by the Court to a 9-month term of confinement for the violation of his Supervised Release term.  At the time of sentencing, the Court ordered that Mr. Reyes receive credit for time served from August 6, 2011.

   Our records reflect that Mr. Reyes has been in the primary custody of federal authorities in the Southern District of California since his initial arrest on August 6, 2011.  He was subsequently sentenced to a 6-month term of imprisonment on September 23, 2011, for Attempted Entry After Deportation in Case Number 11CR3890-JLS, United States District Court for the Southern District of California.  Prior custody credit, was applied to this sentence, which was satisfied on February 3, 2012.  After this date, Mr. Reyes remained in federal custody based on the detainer lodged for the instant offense.

   The Bureau of Prisons (Bureau) has applied credit toward his current federal sentence from August 6, 2011, through August 7, 2011, and from February 4, 2012, through March 21, 2012, in accordance with Title 18 U.S.C. § 3585(b), as referenced in Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).  The Bureau has also applied credit from August 8, 2011, through February 3, 2012,

based on the Court's Order.  However, awarding this credit is contrary to Title 18 U.S.C. § 3585(b), as this time was credited to his previously imposed federal sentence in the Southern District of California.  The U.S. Supreme Court ruled in <u>Wilson v. United States</u>, 503 U.S. 329, 112 S. Ct. 1351(1992), that calculation of federal sentences rests with the U.S. Attorney General, delegated to the Bureau.  The Bureau recognizes the Court's authority to apply credit to a federal sentence through an adjustment to the term of imprisonment under § 5G1.3(b) of the Federal Sentencing Guidelines Manual.  Should the Court determine that § 5G1.3(b) is applicable in this case, we would request that an amended judgment be provided.

The Bureau strives to administer sentences in accordance with federal statute, Bureau policy, and to achieve the intent of the federal sentencing Court.  If additional information is required, please contact Nathan Patterson, Operations Manager, at (972)595-3027.

              Sincerely,

              for: John O'Brien

              Jose A. Santana
              Chief

mgb
cc: Megan Rachow, Assistant U.S. Attorney
   Steve M. Goldner, U.S. Probation Officer